(36 App. Div. 189.)

### LITTMAN v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 20, 1899.)

1. NEGLIGENCE—EXPLOSION OF GAS—EVIDENCE.
    Plaintiff had dug a tunnel from his cellar, under the pavement, to connect with a sewer, when a city employé, searching for a leakage of gas in front of plaintiff's house, lighted a paper, and moved it along the surface of the sidewalk, and ignited a jet of escaping gas, and then covered it with dirt to extinguish the flame. Five minutes afterwards an explosion occurred in plaintiff's cellar. The city employé did not know that the tunnel was there, and his method of discovering the leak was the usual one. *Held*, that he was not negligent.

**2. SAME—BURDEN OF PROOF.**

> Where plaintiff's house is injured by an explosion of gas, caused by the act of defendant's employé in lighting a jet of escaping gas by moving a burning paper over the surface of a sidewalk to locate a leak, the burden is on plaintiff to prove that that method of locating a leak was not a proper one.

Appeal from trial term, New York county.

Action by Morris Littman, as executor, against the mayor, aldermen, and commonalty of the city of New York. Judgment of nonsuit was entered, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edward Jacobs, for appellant.
Theodore Connoly, for respondent.

PATTERSON, J. The plaintiff, as executor and trustee, being in possession and having the control of two certain houses situate in Thirty-Ninth street, in the city of New York, brought this action against the defendant, claiming that its servant, acting by its direction and under its authority, negligently caused an explosion of gas to take place, in consequence of which serious damage was done to such houses. On the trial, the plaintiff was nonsuited; and, from the judgment entered thereupon, this appeal is taken.

We shall assume for all the purposes of this appeal that the allegation of the complaint was established that the servant of the city was acting within the scope of his authority. The proof, however, was insufficient to charge him with negligence in the performance of the duty with which, we assume, he was charged, when the explosion occurred. The evidence showed that, for a day or so before the explosion, a plumber was at work in and about the premises of the plaintiff. He was making a connection between the drain pipe in one of the houses and the sewer in the street. To make that connection, a tunnel was cut from the house to the sewer pipe; but that tunnel, or trench, as it was called, was all underground, so that the surface of the pavement was not disturbed. "Neither the sidewalk nor the paving stones of the street were dug up; it was all an underground connection." The opening of the tunnel came into the cellar of one of the houses mentioned in the complaint. Early on the morning of October 2, 1895, a very serious escape of illuminating gas was observed. The police were notified, and information was sent to the department of public works of the city of New York. One of the employés of the water purveyor's department came upon the scene, to search in the street and upon the sidewalk, to ascertain if there were a leak in the highway. To make his examination, he lit a piece of paper, and, moving it along the surface of the sidewalk, it ignited a jet of escaping gas, and it was thus ascertained that there was a leak in the highway. When that discovery was made, and the leak located, an attempt was made to extinguish the flame, by covering it with earth or dirt. Four or five minutes afterwards, the explosion occurred in the plaintiff's premises. It is claimed that it is to be

inferred that the flame started in the street by the defendants' servant was carried through the tunnel into the cellar, thus causing an explosion of gas accumulated in the cellar.

There is nothing in the evidence to show that the defendant's servant had knowledge or notice in any way of the condition of the plaintiff's premises, or of the condition in which the plumber had put the street and sidewalk under the surface. Nor is there anything to show that the act of the servant in using a lighted paper as he did was not the usual, ordinary, and reasonable way in which to make examinations for leaks of gas pipes in the street; nor that there was any other or different method he might have pursued to ascertain where the leak was. From all that appears, he was wholly ignorant of any other fact or circumstance in connection with the situation at the place and at the time than that there had been a very serious escape of gas near the premises, and that it was his duty to find out whether the highway was affected by it. Before negligence could be charged to him, it was necessary to prove that he had done something unusual, unnecessary, or improper under the circumstances. He was not bound to know that a concealed subterranean communication had been made between the pipe system under the highway and the cellar of the plaintiff's premises. Nor was the burden of proof upon the city to show that the method pursued by its servant was a proper and a reasonable one. Negligence is not established from the mere fact of the happening of the explosion. In this case the relation of cause and effect did not prove it. Negligence in the act constituting the cause is the gravamen of the action, and that negligence was not shown.

The complaint was properly dismissed, and the judgment must be affirmed, with costs. All concur.